IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAD HUNT JR.,

    Petitioner,

v.

DAVID GRAY, WARDEN,
BELMONT CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:19-cv-4465
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion to Proceed *in forma pauperis*. (Doc. 1). Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED.**

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it

does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here.

I.   **FACTS AND PROCEDURAL HISTORY**

Petitioner challenges his April 12, 2017 convictions pursuant to his guilty plea in the Jefferson County Court of Common Pleas on one count of trafficking in drugs and two counts of possession of drugs. The Ohio Seventh District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On September 7, 2016, a Jefferson County Grand Jury indicted appellant on one count of trafficking in drugs, a fifth-degree felony in violation of R.C. 2925.03(A)(1), (C)(4)(a); one count of possession of drugs (cocaine) in an amount *143 greater than 27 grams but less than 100 grams, a first-degree felony in violation of R.C. 2925.11(A), (C)(4)(e); and one count of possession of drugs (heroin) in an amount greater than one gram but less than five grams, a fourth-degree felony in violation of R.C. 2925.11(A), (C)(6)(c). The indictment also included forfeiture specifications for $2,180 in cash and numerous firearms. Appellant initially entered a not guilty plea to the charges.
>
> {¶ 3} Appellant eventually changed his plea. He pleaded guilty to all three charges and the trial court convicted him of those charges.
>
> {¶ 4} The trial court subsequently held a sentencing hearing. It sentenced appellant to ten months for trafficking in drugs, eight years for possession of drugs (cocaine), and twelve months for possession of drugs (heroin). The court ordered appellant to serve his sentences consecutively for a total prison sentence of nine years and ten months. The court also ordered the $2,180 seized from appellant's home to be forfeited to the Jefferson County Drug Task Force, along with other contraband listed in the indictment.
>
> {¶ 5} Appellant filed a timely notice of appeal on May 26, 2017. He now raises a single assignment of error.
>
> {¶ 6} Appellant's sole assignment of error states:
>
> THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING THE DEFENDANT TO A PRISON TERM OF NINE YEARS AND TEN MONTHS.

*State v. Hunt*, 108 N.E.3d 141, 142-43 (Ohio 2018). On June 20, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hunt*, 153 Ohio St.3d 1402 (Ohio 2018). On May 21, 2018, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). As his sole claim for relief, he asserted that his appellate counsel was ineffective for failing to raise the following claim on appeal:

> THE COURTS [sic.] CONSIDERATION INTO THE INVESTIGATION OF THE PYTASH MURDER VIOLATED HUNT'S DUE PROCESS[.]

*State v. Hunt*, 7th Dist. No. 2018 WL 3060320, at *1 (Ohio Ct. App. June 19, 2018). On June 19, 2018, the appellate court denied the Rule 26(B) application. *Id*. On October 10, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hunt*, 153 Ohio St.3d 1493 (Ohio 2018).

On October 7, 2019, Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1-2). He asserts that his guilty plea was not knowing, intelligent, and voluntary (claim one); that he was denied the effective assistance of trial counsel because his attorney coerced his guilty plea, was unprepared, and performed inadequately during pre-trial negotiations by failing to review with Petitioner the State's evidence against him (claim two); that he was denied the effective assistance of appellate counsel (claim three); that the trial court improperly considered testimony from police regarding the investigation into the murder of Stephanie Pytash in imposing sentence (claim four); and that the trial court failed to address at sentencing that the prosecutor was related to one of the police (claim five). But it is plain that Petitioner has procedurally defaulted all of his claims for relief in these proceedings.

## II.   PROCEDURAL DEFAULT

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of

habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's

failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Id*.

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's

5

ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to "'protect the integrity' of the federal exhaustion rule." Id., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "'letting the time run'" so that state remedies were no longer available. *Id*., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].'" *Id*., at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in

a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

A federal district court may *sua sponte* raise the issue of procedural default where it provides the Petitioner with an opportunity to respond by the filing of objections. *See Nelson v. Warden, Warren Correctional Institution,* No. 2:17-cv-0730, 2017 WL 4772869, at *2 (S.D. Ohio Oct. 20, 2017) (citing *Tolliver v. Sheets*, 530 F. Supp. 2d 957, 962 (S.D. Ohio 2008) (citing *Foti v. Bobby*, No. 1:05-cv-1019, 2007 WL 1577785 (N.D. Ohio May 31, 2007)) (citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *Lorraine v. Coyle,* 291 F.3d 416, 426 (6th Cir. 2002)).

## III. DISCUSSION

Petitioner's claims that his guilty plea was not knowing, intelligent, and voluntary, that he was denied the effective assistance of trial counsel, that the trial court improperly considered testimony from police at sentencing, and that the prosecutor had an improper relationship with one of the police detectives are procedurally defaulted due to his failure to raise these claims on direct appeal. "It is well-settled that '[c]laims appearing on the face of the record must be raised on direct appeal, or they will be waived under Ohio's doctrine of *res judicata*.'" *Teitelbaum v. Turner*, No. 2:17-cv-583, 2018 WL 2046456, at *15 (S.D. Ohio May 2, 2018) (citing *Hill v. Mitchell*, No. 1:98-CV-452, 2006 WL 2807017, at *43 (S.D. Ohio Sept. 27, 2006)) (citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)).

Thus, Petitioner violated the *res judicata* rule set forth in *Perry* when he failed to raise his claim on direct appeal, and, consequently, the first prong of the *Maupin* test is satisfied. Moreover, Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of procedurally barred claims. *See, e.g.*, *State v. Cole*, 2 Ohio St.3d 112

7

(1982). In addition, the Sixth Circuit has held that Ohio's doctrine of *res judicata* is an independent and adequate ground for denying federal habeas relief. *See, e.g., Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). With respect to *Maupin*'s independence prong, the Court concludes that in this context, Ohio's doctrine of *res judicata* does not rely on or otherwise implicate federal law. Accordingly, after a review of the relevant case law, the Undersigned concludes that the first three *Maupin* factors are satisfied.

To the extent that Petitioner's claims may rely upon off-the-record evidence, his claims properly would be raised in a state post-conviction action; however, the time period for filing such an action has long since expired, and the record does not reflect that Petitioner could meet the stringent requirements for consideration of his claim in an untimely post-conviction action. *See* O.R.C. § 2953.23; *see also Johnson v. Turner*, No. 2:14-cv-01908, 2017 WL 2633188, at *3 (S.D. Ohio June 19, 2017) (enforcing procedural default under these same circumstances) (citing *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013)).

Petitioner also asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that he was denied the effective assistance of trial counsel, failed to present his claims as federal constitutional issues, and failed to raise a claim of insufficiency of the evidence. (*See Petition*, Doc. 1-2, PAGEID # 13). Again, however, Petitioner failed to raise any of the foregoing claims in his Rule 26(B) application. Again, Petitioner may now longer do so under Ohio's doctrine of *res judicata*.

Petitioner thereby has procedurally defaulted all of the claims he now presents for review. He may still obtain review of his claims on the merits, if he establishes cause for his procedural

defaults, as well as actual prejudice. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla*, 370 F.3d 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Petitioner has failed to establish cause for his procedural defaults.

The Court presumes that Petitioner asserts the denial of the effective assistance of appellate counsel as cause for his procedural default of his claim that the trial court improperly considered police testimony regarding the investigation of the murder of Stephanie Pytash at sentencing. Constitutionally ineffective assistance of counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). "[B]efore counsel's ineffectiveness will constitute cause, 'that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted.'" *Johnson v. Turner*, No. 2:14-cv-1908, 2017 WL 2633188, at *2 (S.D. Ohio June 19, 2017) (citing *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005)). Here, the state appellate court rejected Petitioner's claim of ineffective assistance of appellate counsel in relevant part as follows:

> {¶ 6} Appellant states that, at his sentencing hearing, the trial court heard testimony from a detective that appellant was untruthful in statements he made to police regarding the murder investigation of Stephanie Pytash. Appellant claims this testimony rendered his sentencing hearing fundamentally unfair.
>
> {¶ 7} In his direct appeal, we thoroughly reviewed appellant's sentence. We concluded that all of appellant's sentences were within the applicable statutory ranges. *Hunt*, 2018-Ohio-815, ¶ 19. We determined that the trial court properly

9

> considered the statutory seriousness and recidivism factors. *Id.* ¶ 12. We found that the trial court was correct in not merging appellant's convictions for possession of cocaine and possession of heroin. *Id.* at ¶ 18. And we found that the trial court made all of the statutorily-required consecutive sentencing findings at the sentencing hearing. *Id.* at ¶ 23.
>
> {¶ 8} Thus, we have already thoroughly reviewed appellant's sentence and the trial court's findings and upheld them.
>
> {¶ 9} Counsel was not deficient for failing to raise the assignment of error appellant now presents.

*State v. Hunt*, 2018 WL 3060320, at *1-2. Thus, the state appellate court found that the trial court complied with Ohio law in imposing sentence. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Blandin v. Williams*, No. 3:08-cv-2172, 2009 WL 1862527, at *4 (N.D. Ohio June 26, 2009) (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)); *see also Johnson v. Motley*, 2008 WL 2758212, at *4 (E.D. Ky. June 10, 2008) ("[F]ederal courts are obligated to accept as valid a state court's interpretation of state law[.]") (citing *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)). Further, the trial court's consideration of police testimony at sentence does not amount to a constitutional violation. Therefore, Petitioner cannot establish the denial of the effective assistance of appellate counsel under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He likewise has failed to establish cause for this procedural default.

The actual innocence exception to procedural default allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—*i.e.*, evidence not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit has explained this exception as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589–90 (footnote omitted). The record does not indicate that Petitioner can meet this standard here.

## IV. DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: October 21, 2019          /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE