# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHAD HUNT JR.,

    Petitioner,

    v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-4465
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On October 21, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. (ECF No. 3.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner pleaded guilty in the Jefferson County Court of Common Pleas to one count of trafficking in drugs and two counts of possession of drugs. He asserts that his guilty plea was not knowing, intelligent, and voluntary (claim one); that he was denied the effective assistance of trial counsel (claim two); that he was denied the effective assistance of appellate counsel (claim three); that the trial court considered inappropriate testimony in imposing sentence (claim four); and that the trial court failed to address at sentencing the prosecutor's relationship to one of the

police officers (claim five). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.

Petitioner objects to the recommendations of the Magistrate Judge. Petitioner maintains that he preserved his claims for review by presenting them to the Ohio Supreme Court. He asserts the ineffective assistance of counsel as cause for his procedural default. He states that he did not obtain timely notification of the appellate court's decision denying his appeal and lacked the assistance of counsel state collateral proceedings. These arguments, however, do not assist him.

"[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's pro se status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494 (2004). A petitioner must present his on-the-record claims to the state appellate court on direct appeal in order to preserve them for federal habeas corpus review. Thus, Petitioner did not preserve his claims by presenting them in the first instance to the Ohio Supreme Court. *See Jordan v. Sheets,* No. 2:10-cv-34, 2012 WL 553091, at *9 (S.D. Ohio Feb. 21, 2012) ("It is well settled that [the] Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below.") (citing *Brown v. Voorhies*, No. 2:07-cv-00014, 2009 WL 1878305, at *8 (S.D. Ohio Jan. 26, 2009)). Petitioner also did not pursue the filing of a petition for post conviction relief. He has waived his various claims of ineffective assistance of appellate counsel by failing to raise those same claims in Rule 26(B) proceedings. Therefore, the ineffective assistance of counsel does not constitute cause for his procedural defaults. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). The denial of the

effective assistance of counsel likewise cannot constitute cause for Petitioner's procedural default in failing to raise claims in Rule 26(B) proceedings, where he had no constitutional right to counsel. *See Gerth v. Warden, Allen Oakwood Correctional Institution*, 938 F.3d 821, 832 (6th Cir. 2019).

Petitioner states that he did not receive timely notification of the appellate court's decision denying his appeal. He provides no further details, however, regarding the time or manner in which he learned of the appellate court's decision. An attorney's failure to timely notify a criminal defendant of the appellate court's decision denying an appeal may constitute cause for a procedural default. *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 435-36 (6th Cir. 2006). However, the Petitioner must establish that, but for counsel's deficient failure, he would have timely appealed. *Id*. Petitioner has failed to do so here.

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This

standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

Date: January 9, 2020

                 s/James L. Graham
                **JAMES L. GRAHAM**
                **UNITED STATES DISTRICT JUDGE**